TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
National Security Division
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5748
E-mail: amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WANYING ZHANG,<br>a/k/a "Heather,"<br><br>Defendant. | No. CR 26-00118-MRA<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 11/30/26<br>**PROPOSED TRIAL DATE:** 03/22/27 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Amanda Elbogen and Colin Scott, and defendant Wanying Zhang ("defendant"), both individually and by and through her counsel of record, James Blatt, hereby stipulate as follows:

1. The Indictment in this case was filed on October 9, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 5, 2026. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 18, 2026.

2. On October 23, 2026, the Court set a trial date of November 30, 2026, and a status conference date of November 12, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 3-5 days.

4. By this stipulation, defendant moves to continue the trial date to March 22, 2027, and the pretrial conference to March 4, 2027. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 18 U.S.C. § 371: Conspiracy, and 18 U.S.C. § 951: Acting in the United States as an Illegal Agent of a Foreign Government. The government has produced discovery to the defense, including over 6,000 pages of written reports, photographs, videos, and audio messages. Much of the discovery, including electronic messages and audio recordings, are in their original Chinese, and require official translation. The government expects to make another production shortly, once the parties have agreed to and obtained a Protective Order.

b. On November 4, 2026, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in a two-defendant public corruption trial in <u>People v. Ray Villanueva</u>, Ventura County Case Number 2024032095, set for jury trial on December 2, 2026, which is estimated to last two weeks. Defense counsel is also scheduled to be in a single-defendant attempted kidnapping trial in <u>United States v. Leo Grillo</u>, Case No.

26-CR-00146-GW, set for jury trial on April 6, 2027 and estimated to last two weeks.

c. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 30, 2026 to March 22, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

(h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

\\

\\

\\

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 10, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
AMANDA B. ELBOGEN
COLIN S. SCOTT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am WANYING ZHANG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2027 is an informed and voluntary one.

[signature] 11 · 12 / 26

JAMES BLATT
Attorney for Defendant
WANYING ZHANG

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2027.

[signature] 11-12-2026

WANYING ZHANG
Defendant

Date